UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL MATTHEWS 33 1/3,

                      Plaintiff,

                      **ORDER**
   -against-                    18-CV-04227 (JMA)(AKT)

JUDGE ERICA PRAGER, et al.,

                      Defendants.
----------------------------------------------------------------X

**AZRACK, District Judge:**

On July 25, 2018, incarcerated *pro se* plaintiff Michael Matthews ("plaintiff") filed a complaint in this Court together with an application to proceed *in forma pauperis*. Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

By letter dated September 13, 2018, plaintiff seeks, *inter alia*, to add a defendant and allegations pertaining to that individual. Because Federal Rule of Civil Procedure 15 permits a party to amend its pleading "once as a matter of course" under circumstances presented here, plaintiff may file an amended complaint to include all defendants and all allegations he seeks to purse in this case. Moreover, upon review of the present complaint, the Court finds that it does not comply with requirements of Federal Rule of Civil Procedure 8. Rule 8 requires that a pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading requirements are intended to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled in part on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

1

(2007)). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotation marks and citations omitted). Here, plaintiff's handwritten complaint is illegible in part, difficult to decipher and incoherent. Moreover, to the extent that plaintiff is attempting to challenge his state court conviction, he is advised that the exclusive avenue to challenge the fact or duration of his incarceration is by a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff is cautioned that such a petition has certain timeliness and exhaustion requirements and the Court makes no findings in this regard.

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff is ordered to file an amended complaint in compliance with Federal Rule of Civil Procedure 8 within thirty (30) days from the date of this Order. The amended complaint shall be clearly labeled "Amended Complaint", and shall bear the same docket number as this Order, 18-CV-4227. Because an amended complaint completely replaces the original, plaintiff shall include all claims against all defendants he seeks to pursue in this case. Plaintiff is cautioned that a failure to timely file an amended complaint in accordance with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**            ____/s/ (JMA_____
                       Joan M. Azrack
Dated:   March 6, 2019           United States District Judge
      Central Islip, New York