UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL MATTHEWS 33/13,

                    Plaintiff,

            -against-

JUDGE ERICA L. PRAGER, JUDGE DAVID
SULLIVAN, STEVEN SCHWARTZ,
CAROLYN KELLY, JUDGE ROBERT BOGLE,
JUDGE HELENE F. GUGERTY, DISTRICT
ATTORNEY MADELINE SINGAS, ADA
RACHEL WHALEN, ADA MARINO, ADA
VITAGLIANO, DET. KEVIN M. MADDEN,
DET. DARREN J. COUGHLIN, DET. JOHN
MITCHELL, DET. LARRY A. BRUE,
DET. RYAN HINES, DET. SGT. JEFFREY S.
RAYMOND, 18B ATTORNEY DAVID HABER,
18B ATTORNEY MARTIN GOLDBERG, JUDGE
TERESA K. CORRIGAN, CHIEF CLERK DONALD
F. VETTER,

                    Defendants.
-----------------------------------------------------------------------X

MEMORANDUM & ORDER
18-CV-04227(JMA)(AKT)

**AZRACK, District Judge:**

    Before the Court is the amended complaint filed by incarcerated <u>pro se</u> plaintiff Michael Matthews ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking to challenge his on-going state court criminal proceedings. For the reasons that follow, plaintiff's malicious prosecution claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and his false arrest claims are stayed pending conclusion of the underlying criminal case.

BACKGROUND

    Plaintiff's amended complaint names nineteen (19) defendants, five of whom are state court judges (Judge Erica L. Prager, Judge David Sullivan, Judge Robert Bogle, Judge Helen F.

1

Gugerty, Judge Teresa K. Corrigan); six individuals employed at the Nassau County District Attorney's office, namely the Nassau County District Attorney Madeline Singas, Nassau County assistant district attorneys Rachel Whelen, Marino, Vitagliano, Steven Schwartz, and Bureau Chief Carolyn Kelly; the Chief Clerk of the New York County Court, Nassau County, Donald F. Vetter, plaintiff's 18b criminal defense attorneys, Martin Goldberg, Esq. and David Haber, Esq., and six (6) detectives employed by the Nassau County Police Department, namely Det. Kevin Madden, Det. Ryan Hines, Det. Darren J. Coughlin, Det. Jeffrey S. Raymond, Det. John Mitchell, and Det. Larry A. Brue (collectively, "defendants"). According to the complaint, plaintiff was arrested on February 23, 2018 when Detectives Brue and Coughlin visited plaintiff at his residence to purportedly return plaintiff's wallet. Plaintiff was taken to the Third Precinct where plaintiff claims "false charges and false statements" against plaintiff were made. According to plaintiff, none of the prosecutors thoroughly reviewed the circumstances surrounding plaintiff's arrest, nor did they investigate, before filing a defective felony complaint against him. (Compl. at 8.)[1]

The complaint purports to allege civil rights violations by the defendants in connection with plaintiff's underlying New York state criminal case pending in the Nassau County Court-Criminal Term under Case No. 01086N/18. Plaintiff challenges rulings made by the various judges during the on-going proceedings in County Court as well as the actions taken by his defense attorneys during such proceedings. Plaintiff also broadly claims that the prosecutors are targeting him due to "white racism, white bigotry, white supremacy, [and] white hatred." (Id. at 10.) Plaintiff complains that his attorney Goldberg was ineffective as counsel by "depriving [plaintiff]

---

[1] The Court refers to the pagination assigned by the Court's Electronic Case Filing System (ECF).

of the right to testify at the grand jury" and that his attorney Haber "failed to protect his client from a scheme to unlawfully transfer case to drug court." (Id. at 9-10.) Plaintiff also claims that County Court Chief Clerk Vetter "has an unlawful policy of allowing his clerks to forge judges signatures on court orders." (Id. at 10.)

The underlying New York state criminal case remains pending. Plaintiff seeks to recover a damages award in the sum of $500 million for his claimed "unlawful and wrongful confinement and false imprisonment, corruption of the judicial process, judicial terrorism, predatory law enforcement policies and tactics." (Id. at 11.)

## DISCUSSION

According to the information maintained by the New York State Unified Court System, Plaintiff pled not guilty to the charges against him, was remanded having not posted the bail or bond imposed, and is awaiting trial. See https://iapps.couts.state.ny.us/webcrim (last visited on September 5, 2019). Given that plaintiff has not yet been tried, plaintiff has not alleged a plausible malicious prosecution claim. Accordingly, plaintiff's malicious prosecution claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). However, in order to preserve the statute of limitations for plaintiff's false arrest claims, such claims are stayed pending the outcome of plaintiff's state court criminal proceedings. Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)). The Clerk of the Court shall administratively close this case. Plaintiff may

3

request, in writing, that this case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings, if so warranted at that time. If Plaintiff fails to promptly inform the Court that the state court criminal proceedings have concluded or otherwise fails to diligently prosecute this case after the conclusion of the state court criminal proceedings, Plaintiff's claims may be dismissed for failure to prosecute.

## CONCLUSION

For the reasons set forth above, plaintiff's malicious prosecution claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). Plaintiff's remaining false arrest claims are stayed pending the conclusion of the underlying criminal case. The Clerk of the Court shall administratively close this case. Plaintiff may request, in writing, that this case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings, if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se plaintiff and to mark this case administratively closed.

**SO ORDERED.**

                                            /s/ (JMA)
                                            Joan M. Azrack
                                            United States District Judge

Dated: September 13, 2019
       Central Islip, New York